IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

CHAND & SAAJ HOSPITALITY, LLC DBA )
RAMADA INN LTD. AIRPORT, )
)
    Plaintiff, )
)    CJ - 2013 - 1789
)    Case No. _____
v. )
)    Judge _____
WESTERN HERITAGE INSURANCE )
COMPANY, )
)
    Defendant. )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 2 5 2013

TIM RHODES
COURT CLERK
50_____

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Chand & Saaj Hospitality LLC d/b/a Ramada Inn Ltd. Airport files this Original Petition complaining of Defendant Western Heritage Insurance Company, and for causes of action, would respectfully show the following:

#### I. PARTIES AND SERVICE

1. Plaintiff Chand & Saaj Hospitality LLC d/b/a Ramada Inn Ltd. ("Ramada Inn") is an Oklahoma limited liability company with its principal place of business located in Oklahoma County.

2. Defendant Western Heritage Insurance Company ("Western Heritage") is a foreign insurance company licensed to conduct business in the State of Oklahoma and may be served through the Oklahoma Insurance Commissioner, Attn: Legal Division, 5 Corporate Plaza, 3625 NW 56th Street, Suite 100, Oklahoma City, Oklahoma.

EXHIBIT 1

## II. SUMMARY OF FACTS

3. Plaintiffs purchased policy number SCP0876348 from defendant Western Heritage with an effective period of January 1, 2012 to January 1, 2013 (the "Policy").

4. The Policy covered certain property, including the building(s) located at 2200 S. Meridian, Oklahoma City, Oklahoma 73108 (the "Property").

5. On or about May 29, 2012, the Property sustained significant damage to the roof and structure of the building due to a severe storm.

6. After completing its investigation, and despite evidence of extensive covered damage to the Property, Western Heritage issued payment for only a portion of the storm-related damages, citing Policy exclusionary language in support of its partial denial.

7. On or about January 3, 2013, Plaintiff's attorney furnished Western Heritage with a Damage Analysis Report prepared by Jett McKay, which included an estimate totaling $240,828.15 in storm-related damages, and demanded payment.

8. On or about March 5, 2013, Western Heritage replied to Plaintiff's January 3rd letter from counsel, refusing to consider the estimate provided by Plaintiff's attorney and prepared by Mr. McKay.

9. All Policy premiums were paid in full on the date of the loss and the Policy was in full force and effect.

10. The Policy covered damages caused by the storm event occurring on or about May 29, 2012.

### III. PLAINTIFF'S CAUSES OF ACTION

#### COUNT 1 BREACH OF CONTRACT

11. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth herein.

12. Western Heritage has breached the terms of the Policy by partially denying coverage under the Policy or underestimating the amount of loss caused by the storm, and in so doing, refusing to pay the amount due under the Policy despite Plaintiff's demand for payment.

13. Plaintiff has performed all conditions precedent to recover under the Policy and has not excused Western Heritage's breach.

14. As a result of Western Heritage's breach, Plaintiff has sustained actual damages in an amount equal to or greater than $240,828.15 (less prior payments).

#### COUNT 2 BAD FAITH OR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

15. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth herein.

16. All prerequisites to the filing of this suit and recovery of damages have been met by Plaintiff.

17. Western Heritage's refusal to pay Plaintiff's claim in full for the covered damages was unreasonable under the circumstances, and defendant thereby violated its duty of good faith and fair dealing with Plaintiff.

18. As a result of Western Heritage's refusal to pay Plaintiff's claim for damages, Plaintiff has had to incur and continue to incur attorney's fees and has experienced mental pain and suffering.

19. Western Heritage's refusal to pay Plaintiff's claim for damages is a proximate cause of Plaintiff's damages.

20. Western Heritage's refusal to pay Plaintiff's claim for damages was done with a reckless disregard of defendant's duty to deal fairly and act in good faith with the Plaintiff.

21. Defendant's refusal to pay Plaintiff's claim for damages was done intentionally and with malice, for which Plaintiff should recover additional damages as provided by any applicable statutory or legal authority.

### IV.   DEMAND FOR RELIEF

22. As a result of Defendant's breach of their contractual obligations, Plaintiff has sustained actual damages in an amount equal to or greater than $240,828.15 (less prior payments).

23. For violating their duty of good faith and fair dealing, Plaintiff seeks compensatory damages for attorney's fees and mental pain and suffering in excess of Seventy Five Thousand Dollars ($75,000.00).

24. Upon a finding by a jury by clear and convincing evidence that Western Heritage's recklessly disregarded its duty of good faith and fair dealing, Plaintiff seeks exemplary or punitive damages in excess of One Hundred Thousand Dollars ($100,000.00), or the amount of the actual damages awarded.

25. In the event a jury finds by clear and convincing evidence that Western Heritage intentionally and with malice breached its duty of good faith and fair dealing, Plaintiff seeks a jury finding allowing punitive damages not to exceed the greater of Five Hundred Thousand Dollars ($500,000.00), twice the amount of actual damages awarded, or the increased financial

benefit derived by Western Heritage as a direct result of the conduct causing the injury to Plaintiff.

26. Plaintiff also seeks interest and costs including reasonable attorney's fees, and any and all other relief deemed proper, lawful and equitable.

## V. JURY DEMAND

27. Plaintiff has requested that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be awarded all damages to which they are entitled, including actual and replacement cost damages, and consequential damages as described above in excess of the minimum jurisdiction of this Court. Plaintiff also seeks costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, consequential damages, punitive damages, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SMITH KENDALL, PLLC

*[signature]*

Mary Ellen Smith
Oklahoma State Bar No. 30329
9400 N. Central Expressway, Suite 910
Dallas, Texas 75231
Telephone: (214) 361-6124
Facsimile: (214) 361-6126

**ATTORNEY FOR PLAINTIFFS**

